**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

NATIONAL WILDLIFE FEDERATION                    Case No. _____
Great Lakes Resources Center
213 W. Liberty Street, Suite 200
Ann Arbor, Michigan 48103

ALLIANCE FOR THE GREAT LAKES                    Judge _____
150 N. Michigan Avenue, Suite 700
Chicago, Illinois 60601

LAKE ERIE CHARTER BOAT ASSOCIATION
6392 Edgewater Drive
Erie, Michigan 48133

LAKE ERIE FOUNDATION
236 Walnut Street
Lakeside, Ohio 43440

MICHIGAN UNITED CONSERVATION CLUBS
2101 Wood Street
Lansing, Michigan 48912

OHIO ENVIRONMENTAL COUNCIL
1145 Chesapeake Avenue, Suite I
Columbus, Ohio 43212

             Plaintiffs,

     v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY
William Jefferson Clinton Building
1200 Pennsylvania Avenue, N.W.
Mail Code: 1101A
Washington, D.C. 20460

1

SCOTT PRUITT, in his official capacity as
Administrator of the United States Environmental
Protection Agency
William Jefferson Clinton Building
1200 Pennsylvania Avenue, N.W.
Mail Code: 1101A
Washington, D.C. 20460

ROBERT KAPLAN, in his official capacity as
Acting Regional Administrator of United States
Environmental Protection Agency, Region 5,
77 West Jackson Boulevard
Mail Code: R-19J
Chicago, Illinois 60604-3507

_____ Defendants. _____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.      Plaintiffs bring this action on behalf of themselves and their members, who rely

on the open waters of the western basin of Lake Erie ("Lake Erie") for drinking, recreation,

aesthetic uses, or other purposes. This action arises from the failure of Defendants U.S.

Environmental Protection Agency, Administrator Scott Pruitt, and Acting Regional

Administrator Robert Kaplan (collectively, "U.S. EPA") to perform their nondiscretionary duty

to approve or disapprove the list of impaired waters ("303(d) list") submitted to U.S. EPA by the

Ohio Environmental Protection Agency ("OEPA") within thirty days after the submission of the

list to U.S. EPA, as required by the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*

2.      Lake Erie suffers from persistent pollution, resulting in toxic or other algal

blooms and other adverse conditions, some of which may be or are hazardous to human health.

This pollution may be abated if the addition of pollutants causing the pollution is reduced to a level that will restore the quality of the water. This level is known as the total maximum daily load ("TMDL"). The prerequisite to the establishment of a TMDL for Lake Erie is a decision by U.S. EPA to disapprove OEPA's omission of Lake Erie from the 303(d) list.

3.      On October 20, 2016, OEPA submitted the State of Ohio's 2016 Integrated Water Quality Monitoring and Assessment Report to U.S. EPA for approval, pursuant to the requirements set forth in CWA § 305(b) (biennial reports on the condition of the State's waters), 33 U.S.C. § 1315(b), and § 303(d) (list of impaired waters), 33 U.S.C. § 1313(d).

4.      U.S. EPA did not approve or disapprove OEPA's 303(d) list within thirty days after the date of submission of the list to U.S. EPA – that is to say, by November 19, 2016 – contrary to CWA § 303(d)(2), 33 U.S.C. § 1313(d)(2). U.S. EPA has still not approved or disapproved OEPA's 303(d) list.

5.      By unlawfully withholding the decision to approve or disapprove OEPA's omission of Lake Erie from the 303(d) list, U.S. EPA is delaying the restoration of Lake Erie that might follow from a decision to disapprove. This delay has harmed and continues to harm Plaintiffs and their members' use and enjoyment of Lake Erie.

6.      Among other forms of relief, Plaintiffs seek (a) a declaratory judgment that U.S. EPA's failure to approve or disapprove OEPA's 303(d) list within thirty days after the date of submission of the list to U.S. EPA violated U.S. EPA's nondiscretionary duty under the Clean Water Act, as well as (b) injunctive relief compelling U.S. EPA to approve or disapprove OEPA's 303(d) list with all deliberate speed.

## JURISDICTION AND VENUE

7.      On December 19, 2016, Plaintiffs sent U.S. EPA a notice of intent to sue for the agency's violation of the CWA.  In particular, the notice informed U.S. EPA of Plaintiffs' intent to sue U.S. EPA for failing to carry out its nondiscretionary duty to approve or disapprove OEPA's 303(d) list within thirty days after the date of submission of the list to U.S. EPA. A copy of Plaintiffs' 60-day notice to U.S. EPA is attached as Exhibit A and incorporated here by this reference. More than sixty days have passed since Plaintiffs provided U.S. EPA with this notice. U.S. EPA has still not approved or disapproved OEPA's 303(d) list.

8.      An actual, substantial, and continuing controversy exists between the parties. A declaration of NWF's rights and other legal relations is necessary.

9.      This Court has jurisdiction over this controversy pursuant to 33 U.S.C. § 1365(a)(2) because this complaint alleges a failure of U.S. EPA to perform a duty which is nondiscretionary under the CWA . Additionally, jurisdiction exists under 28 U.S.C. § 1331 ("Federal question") or 28 U.S.C. § 1361 ("Action to compel an officer of the United States to perform his duty).

10.      Venue is proper in this district pursuant to 28 U.S.C. 1391(e) because U.S. EPA has its headquarters and principal office in the District of Columbia and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia.

## PARTIES

11.      Plaintiff National Wildlife Federation ("") is the nation's largest not-for-profit conservation advocacy and education organization. NWF has more than 690,000 members nationwide, including more than 24,000 members in Michigan. NWF's mission is to unite all

Americans to ensure wildlife thrive in a rapidly changing world. NWF's mission includes

protecting wildlife, navigable waters, and other natural resources from the impacts of pollution.

NWF is a District of Columbia nonprofit corporation with its principal office located in Virginia

and a Great Lakes office headquartered at 213 West Liberty Street, Second Floor, Ann Arbor,

Michigan, 48104.

12.     Plaintiff Alliance for the Great Lakes ("Alliance") is a non-profit organization

that works to protect the Great Lakes for today and tomorrow. The Alliance has approximately

1,200 members and involves tens of thousands of people each year in advocacy, volunteering,

education, and research to ensure the lakes are healthy and safe for all. The Alliance is located at

150 N. Michigan Avenue, Suite 700, Chicago, IL 60601.

13.     Plaintiff Lake Erie Charter Boat Association ("LECBA") is organized to

encourage and promote sound fisheries management in Lake Erie, support the charter boat

industry, and create a better working relationship between the association, law enforcement

agencies, politicians, and the sport fishing public. LECBA has approximately 165 members.

LECBA may be contacted at 6392 Edgewater Drive, Erie, Michigan, 48133.

14.     Plaintiff Lake Erie Foundation is a nonprofit organization dedicated to restoring

and protecting Lake Erie's waters with a mission of creating and maintaining a healthy Lake Erie

now and forever as defined by drinkable water, recreational contact, and edible fish. This

foundation was created by combining the resources of two other organizations, Lake Erie

Waterkeeper and the Lake Erie Improvement Association. This partnership now includes more

than 200 members that help form a long-term sustainable Lake Erie advocacy organization. Most

members are located in the Lake Erie watershed. The Foundation's office is located at 236

Walnut Street, Lakeside, Ohio, 43440.

15.     Plaintiff Michigan United Conservation Clubs ("MUCC"), founded in 1937, is

Michigan's largest statewide nonprofit conservation organization, with approximately 45,000

members. MUCC represents over 50,000 hunters, anglers and trappers and approximately 250

local conservation and sportsmen's clubs. Its mission is uniting citizens to conserve, protect and

enhance Michigan's natural resources and outdoor heritage. Through member-sponsored

resolutions, MUCC has adopted specific policy to work toward a reduction of harmful algae

blooms in Lake Erie, which impair the fisheries of the Great Lakes and MUCC members' ability

to fish them. MUCC is a Michigan non-profit organization headquartered at 2101 Wood Street,

Lansing, Michigan, 48912.

16.     Plaintiff Ohio Environmental Council ("OEC") is a non-profit organization

dedicated to securing healthy air, land, and water for all who call Ohio home. Founded in 1969,

OEC is a not-for-profit environmental and conservation organization, organized under the laws

of the State of Ohio. OEC is comprised of more than100 member environmental and

conservation organizations, and thousands of individual members throughout the state. Many of

these members live, work, and/or recreate within or near Lake Erie or the Lake Erie Basin. OEC

is located at 1145 Chesapeake Avenue, Suite I, Columbus, Ohio 43212.

17.     Defendant U.S. EPA is the agency of the government of the United States

responsible for the implementation of the Clean Water Act.

18.     Defendant Scott Pruitt is the Administrator of U.S. EPA. He is charged with the

supervision and management of all decisions and actions of that agency, including those taken

pursuant to the Clean Water Act with respect to the State of Ohio. He is being sued in his official

capacity.

19.     Defendant Robert Kaplan is the Acting Regional Administrator of U.S. EPA

Region 5.  He is charged with the supervision and management of all decisions and actions of

U.S. EPA Region 5, including those taken pursuant to the Clean Water Act with respect to the

State of Ohio.  He is being sued in his official capacity.

## STANDING

20.     Plaintiffs file this action on behalf of themselves and their members.

21.     One or more of Plaintiffs' members have standing in this action because they

reside or have a residence in Ohio near land or waters adversely affected by pollution in Lake

Erie.

22.     One or more of Plaintiffs' members have standing in this action because they use

or enjoy land or waters adversely affected by pollution in Lake Erie for a variety of purposes,

including drinking, recreational pursuits, or aesthetic enjoyment. One or more of Plaintiffs'

members intend to continue to use or enjoy land or waters adversely affected by pollution in

Lake Erie to the extent the condition of the lake allows for a variety of purposes, including

drinking, recreational pursuits, or aesthetic enjoyment on a regular, ongoing basis now and in the

future, including this year.

23.     One or more of Plaintiffs' members have been, are, or may be adversely affected

or aggrieved by U.S. EPA's failure to approve or disapprove OEPA's 303(d) list within thirty

days after the date of submission of the list to U.S. EPA. These adverse effects have, are, or may

occur because U.S. EPA's inaction allows the pollution of Lake Erie to continue unabated.

24.     The interests of Plaintiffs and their members fall within the zone of interests

protected under the Clean Water Act.

25.     The relief Plaintiffs seek will redress the injuries to Plaintiffs and one or more of

their members caused by U.S. EPA's violation of the Clean Water Act described in this

complaint. If the U.S. EPA were to disapprove the omission of Lake Erie from OEPA's 303(d)

list, U.S. EPA would have a nondiscretionary duty, not later than thirty days after the date of

such disapproval, to identify Lake Erie as impaired and establish a TMDL for the lake as U.S.

EPA determines necessary to implement the water quality standards applicable to Lake Erie, and

upon such identification and establishment, the State of Ohio must incorporate them into its

continuing planning process. This might lead to the restoration of the quality of the water in Lake

Erie, which might eliminate or reduce the adverse effects that have harmed, are harming, or may

harm Plaintiffs and one or more of its members.

## STATEMENT OF THE CASE

### Statutory and Regulatory Background

26.     The purpose of the Clean Water Act ("CWA") is "to restore and maintain the

chemical, physical, and biological integrity of the Nation's waters." CWA § 101(a), 33 U.S.C. §

1251(a).

27.     In furtherance of the purpose of the CWA, the statute requires each State to

"identify those waters within its boundaries for which the effluent limitations required by §

1311(b)(1)(A) and § 1311(b)(1)(B) of [the CWA] are not stringent enough to implement any

water quality standard applicable to such waters."  CWA § 303(d)(1), 33 U.S.C. §1313(d)(1).

Such waters are known as "impaired waters."

28.     U.S. EPA regulations require States to submit a comprehensive list of impaired

waters every two years, along with the corresponding TMDLs for the pollutants causing the impairments. 40 C.F.R. §130.7(d)(1).

29.     U.S. EPA "shall" either approve or disapprove a list of impaired waters not later than thirty days after the date of the submission. 33 U.S.C. § 1313(d)(2); 40 C.F.R § 130.7(d)(2).

## Factual Background

30.     The addition of nutrients to the western basin of Lake Erie, coming from the Maumee River or other sources has caused toxic or other algal blooms and other adverse conditions that make the water unsafe for drinking, recreational pursuits, aesthetic enjoyment, or other uses.

31.     On October 20, 2016, OEPA submitted to U.S. EPA the State of Ohio's 2016 Integrated Water Quality Monitoring and Assessment Report ("Report") to U.S. EPA. The Report purports to satisfy the listing requirements of CWA § 303(d), 33 U.S.C. § 1313(d).

32.     The Report includes a 303(d) list that identified as impaired portions of Lake Erie from which Toledo draws its drinking water, as well as miles of the lake's shoreline and areas around islands in the lake.  The 303(d) list does not, however, list as impaired the open waters of the western basin of Lake Erie.

33.     U.S. EPA has neither approved nor disapproved OEPA's 303(d) list.

## CLAIM FOR RELIEF
### (Violation of the Clean Water Act)

34.     Plaintiffs re-allege and incorporate by reference all the allegations set forth above.

35.     U.S. EPA failed to perform its nondiscretionary duty to approve or disapprove OEPA's 303(d) list within thirty days after the date of submission, contrary to CWA § 302(d)(2), 33 U.S.C § 1313(d)(2), and 40 C.F.R. § 130.7(d)(2).

9

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

A.      A declaratory judgment that U.S. EPA's failure to approve or disapprove OEPA's 303(d) list within thirty days after the date of submission violated the U.S. EPA's nondiscretionary duty under the Clean Water Act, CWA § 302(d)(2), 33 U.S.C § 1313(d)(2), and 40 C.F.R. § 130.7(d)(2);

B.      An order entering an injunction compelling U.S. EPA to comply with the CWA by approving or disapproving OEPA's 303(d) list within a specified time period not to exceed 30 days from the date of such order;

C.      An order retaining jurisdiction until U.S. EPA complies with the injunction entered by this court;

D.      An order granting Plaintiffs costs of litigation (including reasonable attorney and expert witness fees) incurred in prosecuting this action pursuant to the Clean Water Act, CWA § 505(d), 33 U.S.C. § 1365(d); and

E.      Such other relief as this Court deem just and proper.

                    Respectfully submitted,

                            /s/ Neil S. Kagan
                            Neil S. Kagan
                            National Wildlife Federation
                            801 Monroe Street
                            745 Legal Research
                            Ann Arbor, Michigan 48109
                            (734) 763-7087
                            kagan@nwf.org
                            D.C. Bar No. MI0078