December 19, 2016

VIA CERTIFIED MAIL #7015 1520 0000 8394 8852

The Honorable Gina McCarthy
Administrator
United States Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

    **RE: Notice of Intent to File a Citizen Suit under the Clean Water Act**

Dear Administrator McCarthy:

    Pursuant to Section 505(a)(2) of the Clean Water Act ("the Act" or "CWA"), 33 U.S.C. 1365(a)(2), the Alliance for the Great Lakes, Lake Erie Charter Boat Association, Lake Erie Foundation, Michigan League of Conservation Voters, Michigan United Conservation Clubs, National Wildlife Federation, and Ohio Environmental Council (collectively, "prospective plaintiffs") are writing to notify you that they intend to file a civil action or actions in U.S. District Court against you, in your official capacity as Administrator of the U.S. Environmental Protection Agency ("USEPA"), for your failure to perform nondiscretionary duties imposed by the Act and its implementing regulations.

    USEPA has a nondiscretionary duty to act within a specified time period after a State submits a list of impaired waters and their corresponding total maximum daily loads ("TMDLs") for the pollutants causing the impairments. CWA § 303(d)(2), 33 U.S.C. § 1313(d)(2); 40 C.F.R. § 130.7(d)(2). EPA must approve or disapprove a State's list within thirty days of the date the State submits the list. *Id.* This is a nondiscretionary duty that is triggered as soon as a State submits its list. *See Hayes v. Whitman*, 264 F.3d 1017, 1023 (10th Cir. 2001).

    USEPA is currently in violation of its nondiscretionary duty to timely approve or disapprove the lists of impaired waters submitted by the Ohio Environmental Protection Agency ("OEPA") for the State of Ohio and the Michigan Department of Environmental Quality ("MDEQ") for the State of Michigan pursuant to CWA § 303(d), 33 U.S.C. § 1313(d). More than thirty days have elapsed since OEPA and MDEQ submitted the lists. However, USEPA has yet to approve or disapprove either list.

If USEPA does not approve or disapprove the lists submitted by OEPA and MDEQ within sixty days of this notice, the prospective plaintiffs intend to file a citizen suit or suits against you in U.S. District Court seeking an order compelling USEPA to exercise its nondiscretionary duty either to approve or disapprove the lists.

## LEGAL STANDARDS

The purpose of the Act is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). In furtherance of this goal, CWA § 303(d)(1), 33 U.S.C. § 1313(d)(1), requires each State to "identify those waters within its boundaries for which the effluent limitations required by section 1311(b)(1)(A) and section 1311(b)(1)(B) of this title are not stringent enough to implement any water quality standard applicable to such waters." Further, the "State shall establish a priority ranking for such waters, taking into account the severity of the pollution and the uses to be made of such waters." *Id.*

USEPA's regulations require States to submit a new list of impaired waters every two years. 40 C.F.R. § 130.7(d)(1). Once a State submits its list, USEPA "shall" either approve or disapprove the list "not later than thirty days after the date of submission." 33 U.S.C. § 1313(d)(2); 40 C.F.R. § 130.7(d)(2). This language is non-permissive; as soon as a State submits its list of impaired waters list and TMDLs, USEPA *must* act within thirty days. Since USEPA's obligations under CWA § 303(d)(2) and 40 C.F.R. § 130.7(d)(2) are nondiscretionary, USEPA's failure to comply with the 30-day timeframe is a valid ground for a citizen suit. *Hayes v. Whitman*, 264 F.3d 1017, 1023 (10th Cir. 2001) (finding that "the EPA [has a] nondiscretionary duty under § 1313(d)(2) to approve or disapprove the submission … within thirty days. *If the EPA fails to respond within this period, it is subject to suit under the citizen-suit provision of the Clean Water Act to compel it to perform this nondiscretionary duty.*") (emphasis added).

## VIOLATIONS

**<u>USEPA Failed to Perform its Nondiscretionary Duty to Approve or Disapprove Ohio and Michigan's § 303(d) Lists within Thirty Days of the Dates the States Submitted the Lists, as Required by the CWA</u>**

On October 20, 2016, the State of Ohio, by and through OEPA, submitted to the USEPA for approval Ohio's 2016 Integrated Water Quality Monitoring and Assessment Report.[1] The Integrated Report purports to satisfy the requirements both of CWA § 305(b) (biennial reports on the condition of the State's waters) and § 303(d) (list of impaired waters). OEPA's 2016 303(d) report listed as impaired portions of Lake Erie from which Toledo draws its drinking water, as well as miles of the lake's shoreline and areas around the lake's islands. OEPA's report, however, did not list the open waters of the western basin of Lake Erie.

USEPA was required to approve or disapprove Ohio's 2016 303(d) list on or before the thirtieth day following OEPA's October 20, 2016, submittal of the list – that is to say, on or

---

[1] OEPA's report, including response to comments, is available at:
http://epa.ohio.gov/dsw/tmdl/OhioIntegratedReport.aspx.

before November 21, 2016. USEPA has neither approved nor disapproved OEPA's list to date.

On November 10, 2016, the State of Michigan, by and through the MDEQ, submitted to the USEPA for approval its Integrated Report.[2] The Integrated Report purports to satisfy the listing requirements of CWA § 303(d) and the reporting requirements of CWA §§ 305(b) and 314. The report's 2016 303(d) list identifies Michigan's open waters of Lake Erie as impaired.

USEPA was required to approve or disapprove Michigan's 2016 303(d) list on or before the thirtieth day following MDEQ's November 10, 2016, submittal of the list – that is to say, on or before December 12, 2016. USEPA has neither approved nor disapproved MDEQ's list to date.

USEPA's present and ongoing failure to timely approve or disapprove Ohio and Michigan's CWA § 303(d) lists violates the agency's nondiscretionary duty. Prospective plaintiffs and their members are injured by this violation because it delays the restoration of the water quality of the listed portions of Lake Erie and the unlisted open waters of the western basin of Lake Erie that do not meet applicable water quality standards.

Prospective plaintiffs and their members have interests in the safety of Lake Erie's water for drinking, recreational, aesthetic, and other uses. Evidence establishes that existing effluent limitations are not stringent enough to implement the water quality standards applicable to the listed portions of Lake Erie and the unlisted open waters of the western basin of Lake Erie, making the water unsafe for drinking, recreational, aesthetic, and other uses by prospective plaintiffs and their members.[3]

## RELIEF SOUGHT

For all these reasons, EPA's approval or disapproval of Ohio's and Michigan's lists is imperative. The prospective plaintiffs demand that USEPA immediately perform its nondiscretionary duty by either approving or disapproving Ohio's and Michigan's 2016 303(d) lists. If you do not correct USEPA's failure to comply with its nondiscretionary duty to approve or disapprove the lists, described above, within sixty days of the mailing of this notice, the prospective plaintiffs intend to initiate a citizen suit or suits against you pursuant to CWA § 505(a), 33 U.S.C. § 1365(a).

---

[2] MDEQ's report, including response to comments, is available at: http://www.michigan.gov/deq/0,4561,7-135-3313_3681_3686_3728-12711--,00.html.

[3] For instance, the discharge of phosphorus to Lake Erie, predominantly from the Maumee River, causes persistent harmful algal blooms in the open waters of the western basin of Lake Erie. Annex 4 Objectives and Targets Task Team Final Report to the Nutrients Annex Subcommittee, Recommended Phosphorus Loading Targets for Lake Erie (May 11, 2015) available at https://www.epa.gov/sites/production/files/2015-06/documents/report-recommended-phosphorus-loading-targets-lake-erie-201505.pdf.

PARTIES GIVING NOTICE

The **Alliance for the Great Lakes** is a non-profit organization that works to protect the Great Lakes for today and tomorrow. The Alliance involves tens of thousands of people each year in advocacy, volunteering, education, and research to ensure the lakes are healthy and safe for all. The Alliance is located at 150 N. Michigan Avenue, Suite 700, Chicago, IL 60601, Phone: (312) 939-0838.

The **Lake Erie Charter Boat Association** is organized to encourage and promote sound fisheries management in Lake Erie, support the charter boat industry, and create a better working relationship between the association, law enforcement agencies, politicians, and the sport fishing public. LECBA may be contacted at 6392 Edgewater Drive, Erie, Michigan, 48133, Phone: (800) 798-1218.

The **Lake Erie Foundation** is a nonprofit organization dedicated to restoring and protecting Lake Erie's waters with a mission of creating and maintaining a healthy Lake Erie now and forever as defined by drinkable water, recreational contact, and edible fish. This foundation was created by combining the resources of two other organizations, Lake Erie Waterkeeper and the Lake Erie Improvement Association. This partnership now includes over 200 members that help form a long-term sustainable Lake Erie advocacy organization. Most members are located in the Lake Erie watershed. The Foundation's office is located at 236 Walnut Street, Lakeside, Ohio, 43440, Phone: (800) 551-1592.

The **Michigan League of Conservation Voters** is a non-profit organization that serves as the non-partisan political voice for Michigan's land, air, and water. Michigan LCV is dedicated to ensuring that every Michigander has access to clean air and clean water and is able to enjoy the pure beauty of our state. Michigan LCV has regional offices throughout the state and is headquartered at 3029 Miller Road, Ann Arbor, Michigan, 48103, Phone: (734) 222-9650.

Founded in 1937, **Michigan United Conservation Clubs** is Michigan's largest statewide nonprofit conservation organization, representing over 50,000 hunters, anglers and trappers and approximately 250 local conservation and sportsmen's clubs. Its mission is uniting citizens to conserve, protect and enhance Michigan's natural resources and outdoor heritage. Through member-sponsored resolutions, MUCC has adopted specific policy to work toward a reduction of harmful algae blooms in Lake Erie, which impair the fisheries of the Great Lakes and MUCC members' ability to fish them. MUCC is a Michigan nonprofit organization headquartered at 2101 Wood St., Lansing, Michigan, 48912, Phone: (517) 371-1041.

The **National Wildlife Federation** is the nation's largest not-for-profit conservation advocacy and education organization. NWF and its members are dedicated to protecting rivers, lakes, and wetlands, including those within the Great Lakes Basin, and the fish and wildlife that depend on them. NWF is a District of Columbia nonprofit corporation with its principal office in Virginia and a Great Lakes office headquartered at 213 West Liberty Street, Second Floor, Ann Arbor, Michigan, 48104, Phone: (734) 769-3351.

The **Ohio Environmental Council** is a non-profit organization dedicated to securing healthy air, land, and water for all who call Ohio home. Founded in 1969, OEC is a not-for-profit environmental and conservation organization, organized under the laws of the State of Ohio. OEC is comprised of over 100 member environmental and conservation organizations, and thousands of individual members throughout the state. Many of these members live, work, and/or recreate within or near Lake Erie and/or Lake Erie Basin. OEC is located at: Ohio Environmental Council, 1145 Chesapeake Avenue, Suite I, Columbus, Ohio 43212, Phone: (614) 487-7506.

Accordingly, the prospective plaintiffs qualify as "citizens," as that term is defined by CWA § 505(g), 33 U.S.C. § 1365(g), and they have standing to bring the suits noticed herein.

## LEGAL COUNSEL

The name, address, and telephone number of the legal counsel representing the prospective plaintiffs is as follows:

Neil Kagan
801 Monroe Street
745 Legal Research
Ann Arbor, Michigan 48109
(734) 763-7087
kagan@nwf.org

## CONCLUSION

This notice of intent to sue sufficiently states grounds for filing suit. The prospective plaintiffs intend, at or after the close of the 60-day notice period to file a citizen suit or suits against the Administrator pursuant to CWA § 505(a) for the violations summarized above. The prospective plaintiffs will seek damages and reasonable costs, attorney and expert fees, and any other relief deemed just and appropriate by the court pursuant to 33 U.S.C. § 1365(d).

During the 60-day notice period, the prospective plaintiffs are willing to discuss effective remedies for the violations summarized in this letter and settlement terms. If you wish to pursue such discussions in the absence of litigation, please initiate such discussions as soon as possible upon receipt of this notice so that a meeting can be arranged and so that negotiations may be completed before the end of the 60-day notice period. The prospective plaintiffs do not intend to delay the filing of a complaint if discussions are continuing when the notice period ends.

Sincerely,

Neil Kagan
Senior Counsel

**Copies by certified mail to:**

Hon. Loretta Lynch
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Craig Butler, Director
Ohio Environmental Protection Agency
P.O. Box 1049
Columbus, Ohio 43216-1049

Heidi Grether, Director
Michigan Department of Environmental Quality
P.O. Box 30473
Lansing, MI 48909-7973

Robert Kaplan
Acting Regional Administrator
U.S. Environmental Protection Agency Region 5
77 West Jackson Boulevard
Mail Code R-19
Chicago, IL 60604-3507